#2204303
FILED
APR 04 2007
At_____M
STEPHEN R. LUDWIG, Clerk
U.S. DISTRICT COURT
NORTHERN DISTRICT OF INDIANA

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| DANIECE A. BONNER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) 2:07CV104 |
| FAMILY DOLLAR STORES OF | ) |
| INDIANA, L.P. and FAMILY | ) |
| DOLLAR HOLDINGS, INC. | ) |
| | ) |
| Defendants. | ) |

## COMPLAINT – CLASS ACTION

### INTRODUCTION

1. Plaintiff Daniece A. Bonner brings this action to secure redress for the violation by Family Dollar Stores of Indiana, L.P. of the Fair and Accurate Transactions Act ("FACTA") amendment to the Fair Credit Reporting Act ("FCRA").

2. One provision of FACTA, codified as 15 U.S.C. §1681c(g), provides that:

**No person that accepts credit cards or debit cards for the transaction of business shall print more than the last five digits of the card number or the expiration date upon any receipt provided to the cardholder at the point of sale or transaction.**

3. The law gave merchants who accept credit cards and/or debit cards up to three years to comply with its requirements, requiring full compliance with its provisions no later than December 4, 2006. Defendant Family Dollar Stores of Indiana, L.P. has willfully violated this law and failed to protect plaintiff and others similarly situated against identity theft and credit card and debit card fraud by continuing to print more than the last five digits of the card number and/or

1

the expiration date on receipts provided to debit card and credit card cardholders transacting business with defendant Family Dollar Stores of Indiana, L.P..

4. Plaintiff brings this action to secure redress for defendant Family Dollar Stores of Indiana, L.P.'s violation of 15 U.S.C. §§1681 et seq. Plaintiff seeks statutory damages, attorneys fees, and costs.

## JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction under 28 U.S.C. §§1331 and 1337 and 15 U.S.C. §1681p.

6. Venue in this district is proper because defendant Family Dollar Stores of Indiana, L.P. does business here.

## PARTIES

7. Plaintiff, Daniece A. Bonner, is a resident of this district.

8. Defendant Family Dollar Stores of Indiana, L.P. is a limited partnership entity organized under Indiana law. Its registered agent and office are Prentice Hall Corporation System, Inc., 251 E. Ohio St., Suite 500, Indianapolis, Indiana 46204.

9. Defendant Family Dollar Stores of Indiana, L.P. is a "person that accepts credit cards or debit cards for the transaction of business" within the meaning of FACTA.

10. Defendant Family Dollar Holdings, Inc. is a corporation with its principal place of business at 10401 Monroe Road, Matthews, NC 28015.

11. Defendant Family Dollar Holdings, Inc. is the general partner of Family Dollar Stores of Indiana, L.P. It is responsible for all liabilities of the partnership.

## FACTS

12.     On March 20, 2007, plaintiff Daniece A. Bonner received from Family Dollar Stores of Indiana, L.P. at its store located at 6040 Central Avenue, Portage, IN 46368, a computer-generated cash register receipt which displayed her card expiration date.

## CLASS ALLEGATIONS

13.     Plaintiff brings this action on behalf of a class pursuant to Fed.R.Civ.P. 23(a) and (b)(3).

14.     The class is defined as all persons in Indiana to whom Family Dollar Stores of Indiana, L.P. provided an electronically printed receipt at the point of sale or transaction, in a transaction occurring after December 4, 2006, which receipt displays either (a) more than the last five digits of the person credit card or debit card number, and/or (b) the expiration date of the person's credit or debit card.

15.     The class is so numerous that joinder of all individual members in one action would be impracticable.

16.     There are over 100 persons in Indiana to whom Family Dollar Stores of Indiana, L.P. provided an electronically printed receipt at the point of sale or transaction, in a transaction occurring after December 4, 2006, which receipt displays either (a) more than the last five digits of the person credit card or debit card number, and/or (b) the expiration date of the person's credit or debit card.

17.     Plaintiff's claims are typical of the claims of the class members. All are based on the same legal theories and arise from the same unlawful and willful conduct.

18.     There are common questions of fact and law affecting members of the class,

which common questions predominate over questions which may affect individual members. These include the following:

    a.    Whether defendant Family Dollar Stores of Indiana, L.P. had a practice of providing plaintiff and the class members with a sales or transaction receipt on which defendant printed more than the last five digits of the credit card or debit card and/or the expiration date of the credit card or debit card;

    b.    Whether defendant Family Dollar Stores of Indiana, L.P. thereby violated FACTA;

    c.    Whether defendant Family Dollar Stores of Indiana, L.P.'s conduct was willful;

    d.    Defendant Family Dollar Holdings, Inc.'s liability for defendant Family Dollar Stores of Indiana, L.P.'s conduct.

19.    Plaintiff will fairly and adequately represent the class members. Plaintiff has no interests that conflict with the interests of the class members. Plaintiff has retained experienced counsel.

20.    A class action is superior to other available means for the fair and efficient adjudication of the claims of the class members. Individual actions are not economically feasible.

## **VIOLATION ALLEGED**

21.    Defendant Family Dollar Stores of Indiana, L.P. violated 15 U.S.C. §1681c(g)(1), which provides that:

> **No person that accepts credit cards or debit cards for the transaction of business shall print more than the last five digits of the card number <u>or</u> the expiration date upon any receipt provided to the cardholder at the point of sale**

**of transaction.**

22. With respect to machines that were first put into use after January 1, 2005, 15 U.S.C. §1681c(g)(3)(B) required immediate compliance with the provisions of 15 U.S.C. §1681c(g)(1).

23. With respect to machines that were in use before January 1, 2005, 15 U.S.C. §1681c(g)(3)(B) required compliance with the provisions of 15 U.S.C. § 1681c(g)(1) on or after December 4, 2006.

24. Defendant Family Dollar Stores of Indiana, L.P. accepts credit cards and/or debit cards in the course of transacting business with persons such as plaintiff and the class members. In transacting such business, defendant uses cash registers and/or other machines or devices that electronically print receipts for credit card and/or debit card transactions.

25. After the effective date of the statute, defendant Family Dollar Stores of Indiana, L.P., at the point of sale or transaction, provided plaintiff and each class member with one or more electronically printed receipts on each of which defendant printed more than the last five digits of the credit card or debit card number and/or printed the expiration date of the credit card or debit card.

26. FACTA was enacted in 2003 and gave merchants who accept credit card and/or debit cards up to three years to comply with its requirements, requiring compliance for all machines no later than December 4, 2006.

27. Defendant Family Dollar Stores of Indiana, L.P. knew of the requirement concerning the truncation of credit and debit card numbers and prohibition on printing of expiration dates.

28. On information and belief, VISA, MasterCard, the PCI Security Standards Council – a consortium founded by VISA, MasterCard, Discover, American Express and JCB – companies that sell cash registers and other devices for the processing of credit or debit card payments, and other entities informed defendant about FACTA, including its specific requirements concerning the truncation of credit card and debit card numbers and prohibition on the printing of expiration dates, and defendant's need to comply with the same.

29. Most other retailers readily brought their credit card and debit card receipt printing process into compliance with FACTA by, for example, programming their card machines and devices to prevent them from printing more than the last five digits of the card number and/or the expiration date upon the receipts provided to the cardholders. Defendant could have readily done the same.

30. Defendant Family Dollar Stores of Indiana, L.P. willfully disregarded FACTA's requirements and continues to use cash registers or other machines or devices that print receipts in violation of FACTA.

WHEREFORE, plaintiff requests that the Court enter judgment in favor of plaintiff and the class members and against defendants Family Dollar Stores of Indiana, L.P. and Family Dollar Holdings, Inc. as follows:

    a. For statutory damages;

    b. For attorney's fees, litigation expenses and costs;

    c. For such other and further relief as the Court may deem proper.

_____
Daniel A. Edelman

Daniel A. Edelman
Cathleen M. Combs
James O. Latturner
Jeremy P. Monteiro
EDELMAN, COMBS, LATTURNER
     & GOODWIN, LLC
120 S. LaSalle Street, 18th Floor
Chicago, Illinois 60603
(312) 739-4200
(312) 419-0379 (FAX)

## JURY DEMAND

Plaintiff demands trial by jury.

_____
Daniel A. Edelman

T:\19488\Pleading\Complaint_Pleading.wpd

7